**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MARQUS L. STEVENSON** | * |
| 9910 Lyndia Place | |
| Upper Marlboro, Maryland 20772 | * |
| and | * |
| **KIRK BOND, JR.** | * |
| 1416 Eastern Avenue, N.E. | |
| Apt. 101 | * |
| Washington, D.C.  20019 | |
| | * |
| and | * |
| | *    Case No. |
| **GARY L. BARNETT** | |
| 9603 Toucan Drive | * |
| Upper marlboro, Maryland 20772 | |
| | * |
| and | * |
| **CHRISTOPHER T. HOWARD** | * |
| 2811 Tyburn Oaks Court | |
| Waldorf, Maryland 20784 | * |
| Plaintiffs | * |
| v. | * |
| | * |
| **CITY OF SEAT PLEASANT, MARYLAND** | |
| Serve: | * |
| Alex Rodriguez | |
| Administrator | * |
| 6301 Addison Road | |
| Seat Pleasant, MD 20743 | * |
| and | * |
| **OFFICER L. LOWERY # 3384** | * |
| Seat Pleasant Police Department | |
| in both his official and individual capacities | * |
| and | * |
| **PRINCE GEORGE'S COUNTY, MD.** | * |
| Serve: | |
| Stephanie P. Anderson, Esq. | * |
| County Attorney | |

| | |
|---|---|
| **Prince George's County** <br> **Room 5121** <br> **14741 Governor Oden Bowie Dr.** <br> **Upper Marlboro, Md. 20772-3050** | \* <br> \* <br> \* |
| **and** | \* |
| **PFC ADEY** <br> **Badge No. 2712** <br> **Prince George's County Police Department** <br> **in both his official and individual capacities** | \* <br> \* <br> \* |
| **Defendants.** | \* |
| | \* |

# COMPLAINT
**(Police Brutality/Excessive Force; Battery; Deprivation of Civil Rights; False Arrest/Imprisonment; Intentional Infliction of Emotional Distress; Maryland Constitution)**

## INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the defendants for committing acts under color of law which deprived the plaintiffs of rights secured under the Constitution and laws of the United States.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

## PARTIES

4. Plaintiff, Marqus L. Stevenson, was at all times relevant herein, a resident of the state of Maryland.

5. Plaintiff, Kirk Bond, Jr., was at all times relevant herein, a resident of the District of Columbia.

6. Plaintiff, Gary L. Barnett, was at all times relevant herein, a resident of the State of Maryland.

7. Plaintiff, Christopher T. Howard, was at all times relevant herein, a resident of the State of Maryland.

8. Officer L. Lowery, was at all times relevant to this proceeding a Seat Pleasant Police Officer acting within the course and scope of his employment as an employee of defendant City of Seat Pleasant. This defendant is being sued in his individual and official capacities.

9. Defendant City of Seat Pleasant maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. These policies, practices and customs include training in the use of force and on-the-street encounters with civilians. As the employer of the defendant officer, this defendant is liable on the basis of respondeat superior for any alleged violation of the Maryland Constitution.

10. PFC Adey was at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of his employment with defendant Prince George's County. This defendant is being sued in his individual and official capacities.

11. Defendant Prince George's County maintains a Police Department which operates under and administers a set of law enforcement policies, practices and customs involving the hiring, training and supervision of its police officers. These policies, practices, customs and supervision include the use of force in on-the-street encounters with civilians. As the employer of the defendant officer, this defendant is liable on the basis of respondeat superior for any alleged violation of the Maryland Constitution.

### STATEMENT OF RELEVANT FACTS

12. At approximately 1:30 a.m. on July 8, 2007, the plaintiffs patronized the Classic's

Nightclub on Allentown Road in Prince George's County, Maryland. While in the Club, plaintiff Howard was accosted for no reason by one of the security personnel. Plaintiff Howard, who had not been any altercation or other situation of any kind, was grabbed by security personnel and pushed outside the Club.

13. Upon seeing this occur, plaintiff's Barnett, Stevenson and Bond also exited the Club to see what was going on with their friend. Once outside, the plaintiff's began to be harassed by the defendant officers and others who were performing security for the establishment.

14. Attempting to avoid a confrontation, the plaintiff's began walking along Allentown Road toward their vehicles which were parked in front of the U-Haul storage facility. As they continued to walk away from the Classics Nightclub, the defendant officers and several other officers began to follow and threaten them with bodily harm. When the plaintiff's reached the area where their vehicles were parked, and the defendant officers and many others violently attacked the plaintiffs.

15. As a result of this unprovoked attack, plaintiff Howard was knocked unconscious and had a tooth broken, plaintiff Stevenson was beaten and kicked as he sought to shield plaintiff Howard from further blows as he lay unconscious on the ground, and plaintiffs Barnett and Bond were beaten about the head and body with clubs, fists and feet. After the defendants finished beating the plaintiffs, they merely left them on the ground battered and bruised.

16. Immediately thereafter, plaintiff Stevenson phoned his mother an informed her of what had occurred. She immediately responded to the scene after calling 911 to report what had occurred. When she arrived on the scene, she observed the plaintiffs in their battered state and observed several officers again approaching the plaintiffs with clubs drawn as if they were about to attack them again.

17. Upon seeing this, Monica Stevenson, the mother of plaintiff Stevenson

approached the officers and asked them what they were doing. The officers refused to identify themselves and were otherwise uncooperative. At this point, the plaintiffs began to point out to Monica Stevenson the officers who had beaten them. Upon seeing this, the defendants arrested plaintiffs Bond and Stevenson on bogus charges that were knowingly contrived and defendant Lowery created police reports that were knowingly false at the time of their creation.

18. At all times relevant to this action, defendants Lowery and Adey were acting under color of law and within the scope of his employment as a duly appointed law enforcement officers.

19. At all times relevant to this action, the City of Seat Pleasant, and Prince George's County, Maryland had in effect and were responsible for the policies and procedures followed by the defendant officers in the actions taken relating to the plaintiffs, and were further responsible for the hiring, training, supervision, monitoring and disciplining of the police officers involved.

## COUNT I
### ( Excessive Force/Police Brutality)

20. Plaintiffs incorporate by reference paragraphs 1 through 19 as if fully set forth herein.

21. At all times relevant herein, defendants Lowery and Adey had a duty to employ only reasonable measures in his interaction and treatment of the plaintiffs.

22. Notwithstanding said duties, the defendant officers used excessive and unreasonable force on the plaintiffs, inasmuch as no force whatsoever was warranted under the circumstances nor authorized.

23. Defendants City of Seat Pleasant and Prince George's County approved and/or condoned the actions of the defendant officers; thus, any and all liability on the part of the defendant officer is imputed to them.

24. As a direct and proximate result of the intentional and wrongful actions of

defendant officers, plaintiffs were injured.

Wherefore, Plaintiffs demand judgment against the defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($ 5,000,000.00) in compensatory damages, plus interest and costs.

### COUNT II
### (Battery-All Defendants)

25.   Plaintiffs incorporate, by reference, paragraphs 1 through 19, as if fully set forth herein.

26.   The defendants without proper grounds, willfully and maliciously beat the plaintiffs. The beating and the injuries that resulted therefrom were inflicted without justification by defendants Lowery and Adey and without plaintiffs presenting any immediate threat to them or anyone else.

27.   As a direct and proximate result of defendants' willful, malicious and intentional actions, plaintiffs were injured by defendants Lowery and Adey.

Wherefore, Plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

### COUNT III
### (Intentional Infliction of Emotional Distress-Defendant Burnett)

28.   Plaintiffs incorporate, by reference, paragraphs 1 through 19 as if fully set forth herein.

29.   Defendants Lowery and Adey intentionally caused severe emotional distress to the plaintiffs by their extremely reckless, malicious and indifferent conduct, including but not limited to causing plaintiffs physical and emotional injury.

30.   As a direct and proximate result of the defendant officer's extremely reckless, malicious and indifferent conduct, plaintiffs suffered severe pain, emotional distress, and mental

anguish as they were injured, without justification whatsoever, by the defendant officers.

Wherefore, Plaintiffs demands judgment against this Defendant, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (False Arrest - Imprisonment)

31. Plaintiffs incorporate, by reference, paragraphs 1 through 19 as is fully set forth herein.

32. On the above referenced date and time the defendant officers wrongfully and unlawfully arrested and detained plaintiffs Kirk Bond, Jr., Marqus L. Stevenson. Plaintiffs committed no act against defendants or any other party to subject them to arrest, imprisonment, restraint or detention.

33. As a direct and proximate result of the false arrest and imprisonment of plaintiffs by the defendants, plaintiffs suffered discomfort, distress and loss of liberty and have suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiffs Bond and Stevenson demand judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (Deprivation of Civil Rights, 42 U.S.C. §1983-Defendants Lowery and Adey)

34. Plaintiffs hereby incorporate, by reference, paragraphs 1 through 19 as if fully set forth herein.

35. Plaintiffs further allege that defendants Lowery and Adey, with deliberate indifference to and reckless disregard for the safety and well-being of the plaintiffs, and in violation of the 4th and 5th Amendments to the Constitution, did on July 8, 2007, commit or allow to be committed an unreasonable seizure which deprived the plaintiffs of their Constitutional

rights without affording them due process of law.

36. As a direct and proximate result of the unreasonable actions of defendants Lowery and Adey, plaintiffs Kirk Bond, Jr., and Marqus L. Stevenson were subjected to an unlawful seizure when they were arrested without probable cause and all of the plaintiffs were subjected to an unreasonable seizure when they all were subjected to unreasonable and unwarranted force.

Wherefore, Plaintiffs demands judgment against this Defendant in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT VI
### (Maryland Constitution)

37. Plaintiffs incorporate by reference, paragraphs 1 through 19 as is fully set forth herein.

38. The acts of defendants lowery and Adey in beating the plaintiffs and subsequently arresting two of them on bogus and trumped up charges, violated Articles 24 and 26 of the Maryland Declaration of Rights which gave them a right of due process of law before being subjected to unreasonable force, before being subjected to a deprivation of their liberty and before being subjected to an unreasonable seizure.

39. The City of Seat Pleasant and Prince George's County are liable on the basis of respondeat superior for any violations of the Maryland Constitution by Defendants Lowery and Adey that deprived plaintiffs of their rights under Articles 24 and 26.

Wherefore, Plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages, plus interest and costs.

## Jury Demand

The Plaintiffs demands a trial by jury on all issues so triable.

Respectfully submitted,

_____/s/_____
Gregory L. Lattimer [15462]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel. (202) 638-0095