IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARQUS L. STEVENSON, ET AL.,** | * | |
| Plaintiffs, | * | |
| | * | Case No.: RWT 09cv1791 |
| v. | * | |
| **CITY OF SEAT PLEASANT, MARYLAND, ET AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiffs have filed a Motion to Alter or Amend this Court's Judgment of December 22, 2010 as to Defendant Prince George's County, MD and Defendant Adey ("the County Defendants"). (ECF No. 51.) The issues are fully briefed and the Court finds that no hearing is necessary. For the reasons that follow, the motion for reconsideration will be denied.

**I.**

A court may grant a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) in three limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005). Mere disagreement with the Court's ruling does not support a Rule 59(e) motion. *United States ex. rel. Becker*, 305 F.3d 284, 290 (4th Cir. 2002). To the contrary, it is "an extraordinary remedy which should be used sparingly," *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## II.

The parties are very familiar with the factual and procedural background of this case, so the Court will not recite it at length here.

Plaintiffs seem to be seeking reconsideration under the third ground of Rule 59. They contend that the Court erred in granting summary judgment in favor of the County Defendants at the conclusion of the hearing held on December 21, 2011.[1] Plaintiffs present several arguments to contest the court's award of summary judgment, all of which are simply reiterations of arguments made in response to the County Defendants' motion for summary judgment and have been dealt with by the court in its oral disposition at the conclusion of the December 21 hearing.

Plaintiffs argue that "there is no basis for summary judgment as to Prince George's County" because "the remaining Count pending against Prince George's County under the Maryland Constitution was not limited to the actions of Officer Adey." (ECF No. 51, at 4.) As previously determined at the hearing, although local governments have *respondeat superior* liability for civil damages resulting from state constitutional violations, in this case Plaintiffs failed to allege in their complaint that they were suing the County for *respondeat superior* liability for the actions of any other Prince George's County officer other than Defendant Adey. *See e.g.,* Compl. ¶ 39 ("Prince George's County [is] liable on the basis of *respondeat superior* for any violations of the Maryland Constitution by Defendant . . . Adey." ) Moreover, Plaintiffs cannot argue that the County was on notice that they were seeking liability against the County based on officers never named in their Complaint because Plaintiffs first advanced this theory of liability in their opposition to the County Defendant's motion for summary judgment.

---

[1] Plaintiffs do not appear to dispute the dismissal of the Complaint with prejudice as to Plaintiff Kirk Bond, nor the partial dismissal of claims as to Defendant Officer L. Lowery.

Plaintiffs also contend that "there are no undisputed facts that would entitle Defendant Adey to Summary Judgment" with respect to the remaining claims of Plaintiffs Stevenson, Barnett, and Howard. (ECF No. 51, at 7-15.) More specifically, Plaintiffs argue that Mr. Barnett's Affidavit supports the assertion that Defendant Adey directly participated in the attack against them and the affidavit should have been considered because it did not contradict Mr. Barnett's former sworn testimony. (*Id.* at 10.) As previously explained, a party cannot submit an affidavit to contradict former sworn testimony in an attempt to create a genuine dispute of material fact to defeat a motion for summary judgment. *See e.g., S.P v. City of Takoma Park*, 134 F.3d 260, 274 (4th Cir. 1998) ("It is well established that genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct.") Yet, here Plaintiffs reiterate an argument that does precisely that.

Plaintiffs appear to concede that the only evidence presented identifying Officer Adey as one of the actual attackers comes from Mr. Barnett, nor could they argue in good faith otherwise. Despite Plaintiffs' contention to the contrary, Mr. Barnett's versions of events are riddled with inconsistencies. Most strikingly, Mr. Barnett stated in his affidavit that he witnessed Officer Adey strike Chris Howard in the face and knock him unconscious, Barnett Aff. ¶ 2; however, in his deposition Mr. Barnett stated that Officer Adey first sprung into action *after* Howard went down. (Barnett Dep. at p. 47; ECF No. 37, Ex. 4, p. 7.)[2] Moreover, when asked in his deposition whether he witnessed Officer Adey strike Plaintiffs Bond, Howard, or Stevenson, Mr. Barnett

---

[2] Mr. Stevenson also testified that a black man first struck Howard in the face and Officer Adey is undisputedly white. (Stevenson Dep. at 59; ECF No. 37, Exhibit 2 at 22.)

stated merely, "Bond." (Barnett Dep. at 46; ECF No. 37, Ex. 4, p. 6.)[3] Because the only issue of fact regarding Defendant Adey's role as an attacker is to determine which of Mr. Barnett's conflicting versions of fact is correct, there is not a genuine dispute sufficient to survive summary judgment.

Plaintiffs also argue that "even if Defendant Adey could not be identified as an attacker, he could still be held liable [under § 1983] under the theory of bystander liability." (ECF No. 51 at 7). The Court does not dispute that bystander liability is a cognizable theory under § 1983, *see Randall v. Prince George's* County, 302 F.3d 188, 204 (4th Cir. 2002). However, Plaintiffs utterly failed to plead this theory or otherwise provide fair notice to the County Defendants that they sought liability on this theory. Plaintiffs' contention that they "did essentially plead bystander liability" in paragraphs 35 and 36 of the Complaint is without merit and, in any case, this Count was dismissed over a year ago after Plaintiffs failed to oppose Defendants' Motion to Dismiss. *See* ECF No. 18. As above, Plaintiffs cannot succeed on a theory that was first alleged in their opposition to Defendants' Motion for Summary Judgment.

Lastly, Plaintiffs argue that even if the Court were correct in these determinations, Plaintiffs should have been allowed to amend their complaint. (ECF No. 51, at 9.) As an initial matter, Plaintiffs never sought leave to amend their complaint. Further, the statute of limitations in this matter has run and permitting Plaintiffs to amend at this late juncture would be unduly prejudicial to the County Defendants. The County Defendants have already conducted extensive discovery in this matter based on the facts alleged in the Complaint and trial is scheduled to begin on May 31, 2011 on related claims against Defendant Lowery.

---

[3] The Complaint was dismissed with prejudice as to Plaintiff Kirk Bond for failure to respond to discovery. *See* ECF No. 50.

**III.**

In sum, Plaintiffs have offered no reason to conclude that the court's analysis was a clear error of law. "Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." *Medlock v. Rumsfeld*, 336 F.Supp.2d 407, 408 (D.Md.2002). Plaintiff's Motion To Alter Or Amend Judgment (ECF No. 51) will be denied. A separate order follows.


May 19, 2011                               /s/
                                    Roger W. Titus
                                    United States District Judge